

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

2020 DEC -8 PM 12: 34

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEVIN KEENER,<br>　　　　Plaintiff, | §<br>§<br>§ | 4-20CV1312-P |
| vs. | §<br>§ | CIVIL ACTION NO. _____ |
| CONNER INDUSTRIES, INC.,<br>　　　　Defendant. | §<br>§<br>§<br>§ | |

### PLAINTIFF, KEVIN KEENER'S, ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Kevin Keener, hereinafter called Plaintiff, complaining of and about Conner Industries, Inc., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.  Plaintiff, Kevin Keener, is a citizen of the United States and the State of Texas and resides in Tarrant County, Texas.

2.  Defendant Conner Industries, Inc. may be served by serving Steve Fowler, its agent authorized to accept service at 3800 Sandshell Drive, Suite 235, Ft. Worth, Texas 76137.

### JURISDICTION

3.  The action arises under 42 U.S.C. Section 1983 et. seq. as hereinafter more fully appears.

4.  This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

### NATURE OF ACTION

## NATURE OF ACTION

5. This is an action under Title 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and color.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

7. Plaintiff, an African American, began working for Defendant in October 2017. Throughout his tenure with Defendant, Plaintiff was a hard-working employee who diligently performed his duties on a regular basis. Upon information and belief, Defendant's treatment and termination of Plaintiff violates federal law.

8. Plaintiff has been subjected to disparate and discriminatory treatment based on his race. Specifically, he was targeted by Corporate Supervisor, Steve (Caucasian), Supervisor, Nick (Hispanic), and Human Resources, Kim (Caucasian). Plaintiff received facially discriminatory comments, to include "Nigger" written in Spanish and left on his desk daily. Plaintiff reported the discrimination to Defendant. Defendant failed to take any remedial action and fostered Plaintiff's hostile work environment.

9. In April 2019, Plaintiff was made a supervisor. Following the promotion, he began receiving threats from colleagues writing racial slurs on his machine: "Black Bitch,

2

Nigger, etc.", and by leaving a monkey hanging by its necks in a conspicuous location. Plaintiff began making protected complaints to Defendant about the threats.  In addition, Plaintiff complained that the Hispanic employees had banded together to disrespect and discriminate against him.  Following Plaintiff's complaint to Defendant, Defendant questioned the same employees that Plaintiff was accusing of racial discrimination and unsurprisingly they almost universally implicated Plaintiff as the source of the workplace issue.  Furthermore, most of these employees including, Nicholas Ramirez who was deported by ICE and came back to work for Defendant as Nicholas Samano, were undocumented illegal aliens.  Instead of Defendant alleviating the problem, Defendant terminated the employee who promoted Plaintiff then immediately demoted Plaintiff to a laborer. Plaintiff escalated his concerns of discriminatory intent for this adverse action. Again, rather than remedy the discrimination, Defendant terminated Plaintiff.

## RACE AND COLOR DISCRIMINATION

8.  Defendant, Conner Industries, Inc., intentionally engaged in unlawful employment practices involving Plaintiff because of his race and color.

9.  The unlawful employment practices of Defendant, Conner Industries, Inc., specifically discriminating against Plaintiff because of his race and terminating Defendant because of his complaining about the hostile work environment caused by Defendant's discriminatory conduct.  Defendant's conduct adversely impacted Plaintiff relating to race, color, or national origin.  Additionally, Plaintiff was written up and disciplined for the same conduct that other non-African Americans were doing without discipline, to wit: late arrivals to work, early departures from work, raising their voices, etc.  These actions had a disparate and adverse

impact on Plaintiff because of his race and color. Such employment practices were not job-related and were not consistent with business necessity.

10. Defendant, Conner Industries, Inc., discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race and color in violation of 42 U.S.C. Section 2000e-(2)(a).

11. Defendant, Conner Industries, Inc., classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to employees similarly situated in violation of 42 U.S.C. Section 2000e-(2)(a).

12. Plaintiff alleges that Defendant, Conner Industries, Inc., discriminated against Plaintiff on the basis of race and color with malice or with reckless indifference to the state-protected rights of Plaintiff.

## RETALIATION BY CONNER INDUSTRIES, INC.

13. Plaintiff alleges that Defendant Conner Industries, Inc. instituted a campaign of retaliation which included having co-workers document issues and actions by Plaintiff in a questionnaire that could be used against him for termination. This retaliation was and is due to Plaintiff exercising his rights by making a charge. Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

14. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. All reasonable and necessary Attorney's fees incurred by or on behalf of

Plaintiff;

b. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

c. Emotional pain;

d. Mental anguish in the past;

e. Mental anguish in the future;

f. Loss of earnings in the past; and

g. Loss of earning capacity which will, in all probability, be incurred in the future.

## EXEMPLARY DAMAGES

15. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Kevin Keener, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

KEVIN KEENER

By: _____
Kevin Keener
Pro Se
E-Mail: _____
1612 Homedale Dr. #1404
FORT WORTH, TX 76112
Tel. (817) 350-7180
Fax. _____